# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR353** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ENICE PRINCE, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the Defendant's motion filed under

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Filing No. 69). Rule 4(b)

of the *Rules Governing Section 2255 Proceedings for the United States District Courts*

requires initial review of the defendant's § 2255 motion. Rule 4(b) provides:

> The judge who receives the motion must promptly examine it. If it plainly
> appears from the motion, any attached exhibits, and the record of prior
> proceedings that the moving party is not entitled to relief, the judge must
> dismiss the motion and direct the clerk to notify the moving party. If the
> motion is not dismissed, the judge must order the United States attorney to
> file an answer, motion, or other response within a fixed time, or to take other
> action the judge may order.

## FACTUAL BACKGROUND

The Defendant pleaded guilty to Count I of the Indictment charging him with

conspiracy to distribute and possess with intent to distribute cocaine base. (Filing No. 33.)

The plea agreement includes the following waiver:

> The defendant further knowingly and expressly waives any and all
> rights to contest the defendant's conviction and sentence in any post-
> conviction proceedings, including any proceedings under 28 U.S.C. § 2255,
> except:
>
> (a)    The right to timely challenge the Defendant's conviction
>        and the sentence of the Court should the Eighth Circuit
>        Court of Appeals or the United States Supreme Court

later find that the charges to which the Defendant is agreeing to plead guilty fails to state a crime.

(b)     The right to seek postconviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

(Filing No. 33, ¶ 13.)

Prince raises one claim in his § 2255 motion: the denial of a downward departure under U.S.S.G. § 5H1.6 based on extraordinary family circumstances.

A motion for downward departure was not filed. Even had a motion been filed based on § 5H1.6, Prince's argument in his § 2255 motion is precluded by the waiver in his plea agreement. Finally, Prince was sentenced to the mandatory minimum term of imprisonment.

**CONCLUSION**

Because it plainly appears from the record that Prince is not entitled to relief, the § 2255 motion is denied.

IT IS ORDERED:

1.      The court has completed initial review of the defendant's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Filing No. 69);

2.      Upon initial review, the Court summarily denies the Defendant's claim raised in the § 2255 motion, and the motion (Filing No. 69) is denied;

3.      A separate Judgment will be issued denying the § 2255 motion; and

4.      The Clerk is directed to mail a copy of this Memorandum and Order to the

Defendant at his last known address.

DATED this 12th day of March, 2009.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge